925 F.2d 1456
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
J. Curtis DUNFORD, Petitioner,
v.
EASTERN ASSOCIATED COAL CORPORATION, Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 90-2031.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 29, 1990.
Decided Feb. 22, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board.
 John Paggett Anderson, Princeton, W.Va., for petitioner.
 
 
 1
 Mark Elliott Solomons, Arter & Hadden, Washington, D.C. (argued), for respondent; Laura Metcoff Klaus, Arter & Hadden, Washington, D.C., on brief.
 
 
 2
 Ben.Rev.Bd.
 
 
 3
 AFFIRMED.
 
 
 4
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, SPROUSE, Circuit Judge, and CHARLES H. HADEN, III, Chief United States District Judge for the Southern District of West Virginia, sitting by designation.
 
 PER CURIAM:
 
 5
 J. Curtis Dunford appeals from a decision of the Benefits Review Board of the United States Department of Labor denying him benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945. This appeal presents a single question--whether substantial evidence supports the Board's decision. Holding that it does, we affirm.
 
 
 6
 Dunford, a 64-year-old former coal miner, worked in underground mines for at least twenty years. He unsuccessfully applied for Black Lung benefits twice prior to his 1983 application, which we now review. After a hearing, the Administrative Law Judge (ALJ) found that Dunford had established pneumoconiosis by X-ray evidence and that his condition arose out of his coal mine work. He found, however, that Dunford was not totally disabled so as to be eligible for Black Lung benefits. The sole question for our review is whether substantial evidence supports the Board's holding that Dunford had not established total disability.
 
 
 7
 Six X-rays were taken between 1980 and 1985. Although most of them were interpreted as not showing pneumoconiosis, there were readings indicating an early stage of simple pneumoconiosis. A number of pulmonary function studies, conducted by several physicians over a period of eight years, produced no reading considered to be "qualifying" as probative of a disabling pulmonary impairment. 20 C.F.R. Sec. 718.204(c)(1). Likewise, three arterial blood gas studies failed to produce values which established any impairment or defect. 20 C.F.R. Sec. 718.204(c)(2). Several physicians, including Dunford's personal physician and several respiratory specialists, reported either minimal or no disability. Only one physician, an internist, opined that he was totally disabled from doing his usual coal mine work. See 20 C.F.R. Sec. 718.204(c)(4).
 
 
 8
 Our review of all the evidence easily establishes that the decision of the Board of Review is supported by substantial evidence, is rational, and is consistent with the law. The judgment is, therefore, affirmed.
 
 
 9
 AFFIRMED.